IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 10-cr-00601-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DAVID L. DARBY**,

       Defendant.

_____

## DEFENDANT'S SENTENCING STATEMENT
## AND REQUEST FOR TOTAL 27 MONTH SENTENCE

_____

      David Darby, by and through undersigned counsel, submits the following

Sentencing Statement and Request for Total 27 Month Sentence.  As set forth in detail

below, Mr. Darby maintains that a detailed analysis of the factors set forth in 18 U.S.C.

§ 3553(a) supports a total incarceration sentence of 27 months incarceration.[1]

**I.**    **Nature of the Offense and the History and Characteristics of the Defendant**

      As part of its analysis, the Court must consider the nature of the offense and the

defendant's history and characteristics.  *See* 18 U.S.C. § 3553(a)(1).  Here, Mr. Darby

_____

[1] As noted by the Probation Department, the Court will need to divide this sentence between 10-cr-00601 (the "601 Case"), 10-cr-00186 (the "186 Case"), and the violation of 18 U.S.C. § 3147.  Mr. Darby proposes that this Court impose 21 months on the 601 Case, 18 months on the 186 Case (to be served concurrently), and 6 months on the 3147 violation, to be served consecutively.  This will result in a total incarceration of 27 months.  Because Mr. Darby's release on the 186 Case was not revoked until about two months after he was taken into custody on the 601 Case, the Bureau of Prisons may not apply the full 213 days release to the 186 Case.  By allocating the time as suggested herein, Mr. Darby will not serve additional time on the 186 Case because of the delay between his arrest on the 601 Case and the revocation of his pretrial release.

has pled guilty to two counts of wire fraud, in violation of 18 U.S.C. § 371.  This is admittedly a serious offense.  Mr. Darby has accepted responsibility for his conduct and pled guilty to the crimes.

Obviously, the fact that Mr. Darby committed the instant offenses while on probation, and committed the offense in the 601 Case while on release for the offense in the 186 Case, raises concerns.  While not an excuse, Mr. Darby's troubled upbringing does provide some mitigation.  His parents divorced at an early age and Mr. Darby was shuttled between his parents.  *See* PSI, ¶ 46.  Both of his parents were alcoholics, and his mother abused drugs.  *See* PSI, ¶ 50.  As a juvenile, Mr. Darby suffered serious abuse from both his mother and a maternal uncle.  *See* PSI, ¶¶ 49-50.  He once walked in on his stepfather attempting suicide, and learned that his mother burned down their home.  *See* PSI, ¶¶ 46 & 50.

Shortly before his arrest on the 601 Case, Mr. Darby had begun seeing a therapist to work through some of the personal issues from his past.  *See* PSI, ¶ 59.  While in custody, Mr. Darby has been meeting with Dr. Spencer Friedman.  *See* PSI, ¶ 60.  As a result of these meetings, Mr. Darby has begun to recognize that money was fulfilling certain aspects of his life, and that further treatment is necessary for his rehabilitative process.  *See id.*

Obviously, punishment for these offenses is needed.  Prior to the revocation of his pretrial release, Mr. Darby had not spent time in prison.  Mr. Darby has learned from this time in prison, and recognizes that he needs to make changes in his life.  See D. Darby Letter at 3, attached hereto as Exhibit A.  Given his lack of previous incarceration

2

and the mitigating circumstances from his childhood, a 27 month sentence is sufficient to reflect the nature of the offense and Mr. Darby's history and characteristics.

## II.     Sentencing Guidelines and Avoiding Unwarranted Disparities

In addition to the nature of the offense and history and characteristics of the defendant, the Court must consider the Sentencing Guidelines and the need to avoid unwarranted disparities.  *See* 18 U.S.C. § 3553(a)(4-6).  As detailed in Mr. Darby's Response and Objections to the Presentence Investigation Report, Mr. Darby maintains that the proper Sentencing Guideline range is 27-33 months.  Thus, Mr. Darby's requested sentence falls within the range provided by the Sentencing Guidelines, thereby avoiding any unwarranted disparity.[2]

Importantly, by grouping the 601 Case and the 186 Case, the Sentencing Guidelines are providing additional punishment for Mr. Darby's commission of the 601 Case while on release for the 186 Case.  As detailed in the individual plea agreements to these cases, without the grouping, the 601 Case carried a guideline range that was less than the range for the 601 Case.  As a result, the issuance of concurrent sentences on the two cases may have resulted in no additional punishment for the 601 Case.

By grouping these two offenses, however, Mr. Darby is facing additional punishment.  The three-level enhancement for committing the offense while on pretrial release gets applied to the overall guideline calculation.  As a result, Mr. Darby's guideline range is increased from 18-24 months to (as the defense contends) 27-33

---

[2] If the Court were to overrule Mr. Darby's objection, Mr. Darby still maintains that an analysis of all of the Section 3553(a) factors supports a 27 month sentence.

months.  Essentially, Mr. Darby receives an approximate 50 percent increase in his sentence for his actions associated with the 601 Case.  Such additional punishment is sufficient.

## III.   The Need to Provide Restitution

Next, the Court must look to the need to provide restitution to the victims of the offense.  18 U.S.C. § 3553(a)(7).  Mr. Darby is not contesting the amount of restitution set forth in the PSI.  He has demonstrated an ability to work and, upon his release, can secure employment and begin paying back the victims of his offense.  In this manner, the goals of Section 3553(a)(7) will be furthered.

## IV.   A Sufficient, but not Greater than Necessary Sentence

Finally, after considering all of the factors set forth in 18 U.S.C. § 3553(a), this Court must "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."  18 U.S.C. § 3553(a) (emphasis added).[3]  These factors include the need to reflect the seriousness of the offense and promote respect for the law, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with needed educational, vocational, and medical treatment.  *See* 18 U.S.C. § 3553(a)(2).  A 27 month sentence achieves these goals.

First, a 27 month sentence reflects the seriousness of the offense and promotes respect for the law.  While the offense was no doubt serious, Mr. Darby has accepted

---

[3] The final statutory factor deserves only scant reference.  Because the statute does not have a mandatory minimum penalty, a 27 month sentence will satisfy 18 U.S.C. §3553(a)(3) (requiring the Court to consider the kinds of sentences available).

responsibility for his conduct.  Given that Mr. Darby has never before spent time in custody, a 27 month sentence adequately reflects the seriousness of the offense and promotes respect for the law.

Second, a 27 month sentence will afford adequate deterrence and protect the public from further crimes.  Prior to this case, Mr. Darby had never before served time in prison.  As he explains in his letter to the Court, the time he has spent in custody has provided a wake-up call.  Given his lack of previous time spent in prison, a 27 month sentence is sufficient to afford adequate deterrence and protect the public from further crimes.

In *United States v. Qualls*, 373 F. Supp. 2d 873 (E.D. Wis. 2005), Judge Adelman addressed this aspect of sentencing.  According to Judge Adelman:

> It is appropriate for a court, when considering the type of sentence necessary to protect the public and deter future misconduct, to note the length of any previous sentences imposed.  Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.

*Id.* at 877; *see also United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) ("Also significant is the district court's finding that a prison term would mean more to Mr. Baker than to a defendant who previously has been imprisoned.  Consideration of this factor is consistent with § 3553's directive that the sentence reflect the need for 'just punishment' and 'adequate deterrence.'") (internal citations omitted).

The United States Sentencing Commission's statistics further support the conclusion that a 27 month sentence will adequately deter future criminal conduct, thereby protecting the public.  The Sentencing Commission's fifteen year study of how

the guidelines have affected recidivism concluded that offenders sentenced under the fraud, larceny, and drug trafficking guidelines were the least likely to recidivate.  *See Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, A Component of the Fifteen Year Report of the U.S. Sentencing Commission's Legislative Mandate (May 2004) at 13, *available at* http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism_ Criminal_History.pdf (cited portions attached hereto as Exhibit B).  This is especially true for those fraud offenders who, like Mr. Darby, fall within CHC I or II.  This data suggests that, given the nature of the crime that Mr. Darby committed, this Court could impose a 27 month sentence and still assure a low risk of recidivist behavior. Supervised release and mental health treatment will help to insure that Mr. Darby does not falter upon release.

Finally, a 27 month sentence is sufficient for educational and vocational training purposes. Such a sentence will enable Mr. Darby to participate in any available programs offered by the Bureau of Prisons, but will avoid the danger of developing a prison mentality that often results from an overly-extensive prison sentence.

WHEREFORE, Mr. Darby respectfully requests that this Court impose a 27 month sentence, with three years of supervised release to follow.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/27/2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert Brown, AUSA
email: robert.brown5@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michelle Means, USPO      (via Email)
email: michelle_means@cod.uscourts.gov


David Darby  (via Mail)
Reg. No. 36898-013
c/o Clear Creek


s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant